**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6526**

KEVIN SMITH, a/k/a Bar-None Royal Blackness,

Plaintiff - Appellant,

v.

JON OZMINT; GARY D. MAYNARD; ROBERT WARD; GARY A. BOYD; GENE
NOLES; JAMES SLIGH; DEBRA WISE; ALVIN GRABER; LESTER HINSON,
JR.; MS. HILL, OFC; DORIS CURENTON; MARY STEWART; DEAN DAY;
MARCIA R. FULLER; T. W. THOMAS; LAURIE F. BESSINGER; BERNARD
MCKIE; STEVENSON, Associate Warden; SAMUEL LATTA; JAMES
CHRISTENSEN; WILLIE MASON; HAROLD SCOTT; SERGEANT SHIVERS;
E. JENNINGS; E. REARDON; J. KIRCHER; S. BROWN; M. HAYES;
ROLLAND MOODY; S. HORSELY; JOEL MOORE; KENNETH JONES; NURSE
MURPHY; JOHN DOE, JR.; JANE DOE; RICHARD P. STROKER; MARY
DAVENPORT ANDERSON; LEON LOTT, JR.; DANIEL E. JOHNSON; DAVID
WILSON; CARLTON MEDLEY; DAVID MILDRED; JAMES ROBINSON,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort. Patrick Michael Duffy, Senior
District Judge. (9:04-cv-01819-PMD)

Submitted: August 27, 2010      Decided: September 23, 2010

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kevin Smith, Appellant Pro Se.   Andrew Lindemann, DAVIDSON,
MORRISON & LINDEMANN, PA, Columbia, South Carolina; Sheally

Venus Poe, ALLEN, KOPET & ASSOCIATES, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Smith, a/k/a Bar-None Royal Blackness, a South Carolina inmate, appeals a district court order adopting the magistrate judge's report and recommendation, granting the Defendants' renewed motion for summary judgment and dismissing his claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Under RLUIPA:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). In Smith v. Ozmint, 578 F.3d 246 (4th Cir. 2008), this court affirmed the dismissal of Smith's complaint in all respects except for his RLUIPA claim. We remanded the case for further consideration of whether the Defendants met their burden of establishing that the grooming policy at issue furthered a compelling governmental interest and whether the policy was the least restrictive means of furthering that interest.

The Defendants filed a renewed motion for summary judgment and submitted additional affidavits in support of the motion. The magistrate judge issued a report and recommendation

finding the Defendants established both compelling governmental interests and that the grooming policy was the least restrictive means of furthering those interests. The district court agreed and granted summary judgment to the Defendants.

This court reviews a district court's order granting summary judgment de novo. Jennings v. Univ. of North Carolina, 482 F.3d 686, 694 (4th Cir. 2007) (en banc). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Scott, 550 U.S. at 380 ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"). "As to those elements on which it bears the burden of proof, a government is only entitled to summary judgment if the proffered evidence is such that a

4

rational factfinder could only find for the government." <u>Smith</u>, 578 F.3d at 250.

We have reviewed the record and conclude that the Defendants established entitlement to summary judgment for the reasons stated by the magistrate judge and the district court. We have considered Smith's arguments and find the arguments without merit or support in the record. Accordingly, we affirm. We deny the motion to file an amicus brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>